UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAYMOND BAUER,<br><br>Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, et al.,<br><br>Defendants. | No. 2:14-cv-2028 AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the magistrate judge. ECF No. 6.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 4. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

////

1

I. SCREENING REQUIREMENT & LEGAL STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A. Legal Standards

1. Screening Standard

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed.2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555 56), construe those allegations in the light most favorable to the

plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly, 550 U.S. 544), cert. denied, 131 S. Ct. 3055 (2011), and resolve all doubts in the plaintiff's favor.  Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)).

        2.  Section 1983

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege facts which, if true, would show: "(1) that a right [of plaintiff's] secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law."  Campbell v. State of Washington Dept. of Social and Health Services, 671 F.3d 837, 842 n.5 (9th Cir. 2011), cert. denied, 133 S. Ct. 275 (2012); Padilla v. Lynch, 398 F.2d 481, 482 (9th Cir. 1968).  Further, plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) ("plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim") (internal quotation marks omitted).

A key consideration applicable to this complaint is that the federal rules contemplate brevity.  See Fed. R. Civ. P. 8(a)(2) (complaint must be "a short and plain statement"); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d) (1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple, concise, and direct'"); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

The courts do grant leeway to pro se plaintiffs in construing their pleadings.  See, e.g., Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("[a]lthough a pro se litigant … may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is

that it allegedly did wrong"). Even with leeway and liberal construction, however, the complaint must not force the court and the defendants to guess at what is being alleged against whom, require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit," or require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." McHenry, 84 F.3d at 1179. An excessively long and repetitive pleading, containing much narrative and story-telling, naming many defendants and other named individuals who may or may not be defendants, and with no clear statement of which individuals did what, very likely will result in delaying the review required by 28 U.S.C. § 1915A and ultimately, an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41, for violation of these instructions. Id.

### 3. Right of Access to the Courts

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977)); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009) (same). The right of access to the courts, however, is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. Lewis v. Casey, 518 U.S. 343, 354-55 (1996); Dahl v. Virga, 2014 WL 4678319, at * 3 (E.D. Cal. 2014) (Claire, M.J.).

In order to frame a claim of a denial of the right to access the courts, a prisoner must allege facts showing that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir.2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (quoting Lewis, 518 U.S. at 353 & 353 n.4).

The provision of an adequate law library (or legal assistance) is not an end in itself, "but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of

fundamental constitutional rights to the courts.'" Lewis, 518 U.S. at 351 (quoting Bounds, 430 U.S. at 825). Indeed, there is no "abstract, freestanding right to a law library or legal assistance." Id., at 351. Therefore, a prisoner's complaint will not survive screening if it simply alleges facts showing "that his prison's law library or legal assistance program is subpar in some theoretical sense." Id.

      B. The Complaint

Plaintiff's sixteen page narrative alleges that he was denied his right of access to the courts because of various deficiencies in the prison law library, its staff, and impaired access to that library. The complaint alleges the following conduct in 2012: (1) defendants A. Nappi, D. Hamad, K. Blessing and D. Hobard did not allow sufficient "physical access" to the law library (ECF No. 1 at 4 & 14); (2) defendants A. Nappi, D. Hamad, K. Blessing and Timothy Virga improperly processed (or supervised) inmates' "paging" requests, and sent the wrong materials from the library to inmates (id., at 5 & 14); (3) defendant Nappi failed to provide the correct forms plaintiff needed "to file a valid court action" (id., at 5-6); (4) defendants SA Casto, D. Hamad and K. Blessing "allow[ed] library clerks to send me materials by page number and not by section number as I have requested" (id., at 6); (5) defendants J.R. Bradford, Hamad, K. Blessing and Timothy Virga, would not allow plaintiff "to obtain up to 50 pages of documents" which plaintiff apparently needs "to commence a legal action" to challenge "the conditions of my confinement in state court" (id., at 7-8).

Moving on to conduct occurring in 2013, the complaint alleges: (6) defendant Nappi denied plaintiff's "Priority Library User request," and Butcher allowed Nappi "to review his own denial of my Priority Library User request." Plaintiff made the request because he was seeking an "extension" from the California Supreme Court (id., at 8-9); (7) Nappi lied about having the current edition of the California codes, and in fact, the law library does not have the current edition. Moreover, Nappi and Hamad refused to provide plaintiff the current edition available from "the Electronic Law Library Delivery system," leaving him "to rely on the 1984 or 1985 edition of West's annotated California Codes and their annual cumulative pocket parts." This prevented plaintiff from conducting "adequate research to challenge the conditions of my

5

confinement or my conviction" (id., at 9-10); (8) defendants D. Hamad, A. Nappi and J.R. Bradford granted plaintiff physical access to the law library only on Thursdays, or possibly, only once per month (the complaint seems to allege both) (id., at 12-13).

   C. Analysis

      1. Short and plain statement

The court first notes that while plaintiff's complaint is "plain" enough to be understood, it is not "short and plain," as required by Fed. R. Civ. P. 8(a)(2). The complaint alleges a great deal of material that is not required to state a claim for relief. For example, the complaint goes into some detail about what could or should be done to bring the library and its staff up to snuff. To state a claim, plaintiff need only state what conduct defendants engaged in and how it violates his rights. The complaint need not give a detailed narrative of all the ways the law library could be improved, how the staff could be better trained, and who said what to whom about how improvements could be made.

      2. Failure to state a claim for denial of access to the courts

Plaintiff's entire lawsuit is predicated upon his complaints about the various deficiencies in the prison law library. He complains that he does not have enough physical access, that the books are not properly updated, that he is not provided enough copies of forms, and so on. However, plaintiff's right of access to the courts does not grant him a "freestanding" right to any of the things he complains about. Phillips v. Hust, 588 F.3d 652, 657 (9th Cir. 2009) ("Lewis made clear that the right at issue in a case such as this is not 'an abstract, freestanding right to a law library or legal assistance'"). Rather, plaintiff alleges a proper claim for denial of his right of access to the courts only if he alleges facts that show that a particular deprivation caused him actual prejudice to a pending or contemplated non-frivolous claim. See Lewis, 518 U.S. at 348 ("actual prejudice" required); see also Alvarez v. Hill, 518 F.3d at 1155 n.1 ("[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials). That is because, despite plaintiff's repeated reference to a "right to an adequate law library (see, e.g., ECf No. 1 at 6), in fact, "the right vindicated by Bounds is a right of 'meaningful access to the courts.'" Phillips, 588 F.3d at 657.

Plaintiff's complaint fails on this ground. The complaint makes clear that the prison law library and its staff do not meet plaintiff's standards. But the inadequate books, and poor training and performance of the staff, are not enough to allege a constitutional violation unless those deficiencies cause plaintiff prejudice in a specific, pending or contemplated, non-frivolous claim.

Plaintiff does make general reference to an unidentified California Supreme Court case. See ECF No. 1 at 8-9 ("if I file my Petition for review before the time the California Supreme Court's time to file a Petition for Review on their own motion expires, the Chief Justice may relieve me from default"). Plaintiff also makes reference to his apparent desire to file a lawsuit challenging unspecified conditions of his confinement. See, e.g., ECF No. 1 at 10-11. However, there is no allegation in the complaint showing that there are any non-frivolous claims at issue. Plaintiff need not explain in tedious detail the merits of these claims, but he must allege enough facts about them to inform the court that a non-frivolous claim is at stake.

Accordingly, plaintiff's complaint will be dismissed with leave to amend. Plaintiff is cautioned that leave to amend does not give him license to simply tack on even more pages to an already over-long complaint. Rather, plaintiff is being granted leave to include a short and plain statement showing that he has non-frivolous claims, and how they were blocked or compromised by inadequate access to the law library, or by an inadequate library or staff.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). However, the complaint need not recount every single thing each defendant did. It suffices to recount the conduct that violated plaintiff's rights. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

make plaintiff's amended complaint complete. The amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## II.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 4), is GRANTED. Plaintiff's second application for the same relief (ECF No. 5), is DENIED as moot.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is DISMISSED with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: January 12, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE